NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARL D. HUBER,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>CHRISTOPHER COULTER, individual and official capacity; et al.,<br><br>               Defendants-Appellees. | No. 15-55392<br><br>D.C. No. 2:12-cv-03293-GHK-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted March 8, 2017[**]

Before:      LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Karl D. Huber appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging false arrest, excessive force, and malicious prosecution claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006). We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Huber's false arrest claim because it would not have been clear to every reasonable officer that the conduct violated a clearly established right. *See Stanton v. Sims*, 134 S. Ct. 3, 4 (2013) (police officer entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right).

The district court properly granted summary judgment on Huber's excessive force claim because defendants' limited use of force during the course of Huber's arrest did not violate a clearly established right. *See id.* We therefore do not consider whether the force used during the arrest violated a constitutional right. Further, Huber failed to raise a genuine dispute of material fact as to whether defendants' use of handcuffs after Huber's arrest was unreasonable. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (finding summary judgment proper on an excessive force claim where plaintiff failed to provide specific facts that the force used by the application of handcuffs was unreasonable or that she sustained actual injuries).

The district court properly granted summary judgment on Huber's malicious prosecution claim because Huber failed to rebut the presumption that the

prosecutor exercised independent judgment in determining that probable cause existed. *See Newman*, 457 F.3d at 993-95 (plaintiff bears the burden of rebutting presumption of independent judgment, and "must provide more than an account of the incident in question that conflicts with the account of the officers involved").

We reject as unsupported by the record Huber's contention that the district court did not consider his objections to the magistrate judge's report and recommendation.

**AFFIRMED.**